UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALKIT SINGH SINGH,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | Case No. 1:26-cv-01175-KES-EPG (HC)<br>A-Number: 246-245-369<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br>Docs. 1, 13 |

Petitioner Malkit Singh Singh is a former immigration detainee proceeding with counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See generally* Doc. 1.

On February 20, 2026, petitioner filed a motion for temporary restraining order. Doc. 8. The Court converted the motion into one for a preliminary injunction, granted the preliminary injunction, and ordered Respondents to release Petitioner. Doc. 10. The Court referred the matter to the magistrate judge for further proceedings. *Id.*

On July 27, 2026, the magistrate judge issued findings and recommendations recommending the Court grant the petition for writ of habeas corpus "for the reasons stated in the order granting preliminary injunction." Doc. 13 at 2. Respondents filed a one-sentence objection, objecting "[f]or the reasons set forth in Respondents' previously filed pleadings[.]" Doc. 14.

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review. Having carefully reviewed the file, including respondents' objection, the Court concludes that the findings and recommendations are supported by the record and proper analysis. Respondents' position that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) was rejected by the Ninth Circuit in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), which held that 8 U.S.C. § 1226(a) applies to noncitizens in petitioner's circumstances.

Accordingly:

1. The findings and recommendations issued on July 27, 2026, Doc. 13, are ADOPTED in full.
2. The petition for writ of habeas corpus, Doc. 1, is GRANTED.
3. If respondents seek to re-detain petitioner Malkit Singh Singh (A-Number 246-245-369), they must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.[1]
4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: August 8, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.